## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**WILLIAM O. ARREDONDO, JR.**                                    PLAINTIFF

    v.    Civil No. 04-5197

**JEFF BLAND**, Parole Officer, Department
of Community Corrections; **KEITH FERGUSON**,
Sheriff, Benton County, Arkansas; and
**CAPTAIN HUNTER PETRAY**, Benton County Sheriff's
Department/Benton County Detention Center              DEFENDANTS

### O R D E R

  Now on this 25th day of October, 2005, comes on for consideration the **Report And Recommendation Of The Magistrate Judge** (document #48), and plaintiff's **Objections** thereto (document #49), and the Court, having carefully reviewed said documents, finds as follows:

  1. In this suit pursuant to **42 U.S.C. §1983**, plaintiff claims that his constitutional rights were violated by defendant Bland, his parole officer (by planting a knife in his car to set him up for revocation of parole), and by all defendants (by interfering with his telephone, mail, and visitation privileges while he was being held on the parole violation charge).

  2. All defendants moved for summary judgment. The Magistrate Judge developed the evidence on behalf of plaintiff by the use of a questionnaire designed to elicit the evidence he would present in response to the motions. She then recommended that Bland's motion be granted as to the charge that Bland planted a knife in plaintiff's car and interfered with his visitation and

telephone privileges, but denied as to the charge that Bland interfered with plaintiff's mail privileges. She recommended that defendant Ferguson's motion be granted in full. Finally, she recommended that Petray's motion regarding interference with plaintiff's mail privileges be denied.

3. Plaintiff's only objection is to the recommendation that his claim against Bland related to the knife be dismissed.

The gravamen of this claim is the allegation that while plaintiff was in Bland's office for a regular monthly visit, Bland planted a knife in his car, searched the car and found the knife, and then arrested him for possessing the weapon. Plaintiff asserts that Bland told him before searching the car that "if nothing was found I could leave."

The Court considers this an objection that the knife was used as probable cause to support plaintiff's arrest, and that if the knife was planted, then his arrest was procured by false evidence. The Court is not, however, persuaded by this objection. The Arrest/Booking Report for the arrest showed that the charge upon which plaintiff was arrested was "parole violation," not a weapons charge. Bland stated in an Affidavit in support of his Motion For Summary Judgment that he arrested plaintiff based on plaintiff's admissions that he had used marijuana on multiple occasions since his release from jail on May 26, 2004, and that he had stayed away from his approved residence overnight without permission.

Plaintiff does not deny that he made such admissions, and they would have amply justified his arrest, regardless of the matter of the knife. It cannot be said, therefore, that the knife and the circumstances under which it was produced deprived plaintiff of any constitutional rights.

    4. Finding plaintiff's Objections without merit, and finding that the Report And Recommendation is sound in all respects, the Court finds that it should be adopted *in toto*.

    5. While it is not an "objection" to the Report And Recommendation, plaintiff points out that he did not receive a copy of page 17 of the Report And Recommendation. The Court will direct that the Clerk of Court provide him with a copy of that page to complete his copy of the document.

**IT IS THEREFORE ORDERED** that the **Report And Recommendation Of The Magistrate Judge** is **adopted *in toto***.

**IT IS FURTHER ORDERED** that the **Motion For Summary Judgment** of defendants Ferguson and Petray (document #21) be **granted in part and denied in part**.

The motion is **granted** as to plaintiff's claim that Petray interfered with plaintiff's mail privileges, and that claim against Petray is hereby **dismissed with prejudice**.

The motion is also **granted** as to all of plaintiff's claims against separate defendant Keith Ferguson, and those claims are **dismissed with prejudice**.

The motion is **denied** in all other respects.

**IT IS FURTHER ORDERED** that the **Motion For Summary Judgment** of defendant Bland (document #24) is **granted in part and denied in part**.

The motion is **granted** as to plaintiff's claims that Bland planted a knife in his car to wrongfully support his arrest, and interfered with his visitation and telephone privileges while he was in the Benton County Detention Center, and those claims against Bland are hereby **dismissed with prejudice**.

The motion is **denied** in all other respects.

**IT IS FURTHER ORDERED** that the Clerk of Court send plaintiff a copy of page 17 of document #48.

**IT IS FURTHER ORDERED** that plaintiff's remaining claims are remanded to the Magistrate Judge for further report and recommendation.

**IT IS SO ORDERED.**

                                   **/s/ Jimm Larry Hendren**
                                   **JIMM LARRY HENDREN**
                                   **UNITED STATES DISTRICT JUDGE**